**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO:**

VIVIANNE RODRIGUEZ,

      Plaintiff,

      v.

FLORIDA CONCRETE UNLIMITED, INC.,
a Florida for-profit corporation,

      Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, VIVIANNE RODRIGUEZ ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendant, FLORIDA CONCRETE UNLIMITED, INC. ("FCUI" or "Defendant"), on behalf of herself, and alleges as follows:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of federal minimum and overtime wages during the course of her employment. Plaintiff made an effort to obtain her unpaid wages before initiating this lawsuit – albeit unsuccessfully. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all minimum and overtime wages that Defendant refused to pay Plaintiff during her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant was a Florida for-profit corporation located and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, FCUI, is headquartered and operates its principal location at 14094 SW 142 Avenue, Miami, Florida 33186.

5. Defendant, FCUI, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices during the relevant time period.

## JURISDICTION AND VENUE

7.  All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

8. Defendant, FCUI, is headquartered and regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

9. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

10. Defendant, FCUI, is a Florida for-profit company that provides concrete-related services throughout the State of Florida, including handling pre-construction logistics and placing and finishing concrete for buildings throughout Miami.

## FLSA COVERAGE

11. Defendant, FCUI, is covered under the FLSA through enterprise coverage, as FCUI was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, FCUI engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. FCUI's business and Plaintiff's work for FCUI affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

12. During her employment with Defendant, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: concrete, concrete pumps, placing booms, truck-mounted booms, trucks laser screeds, installation equipment, GPS devices, motors, telephones, pens, notepads, computers, cellular telephones, order forms, and other construction-related items.

13. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

14. Upon information and belief, Defendant grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

15. During her employment with Defendants, Plaintiff (i) did not have supervisory authority over any individuals, (ii) did not make any decisions of importance on behalf of FCUI, and

(iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

16. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

17. Plaintiff began working as a dispatcher for Defendant in August 2020 and continued to do so until April 13, 2021.

18. During Plaintiff's employment period, Defendant compensated Plaintiff at a rate of $16.00/hour.

19. During Plaintiff's employment period, Plaintiff worked about fifty (50) hours per week.

20. During Plaintiff's last week of work, form April 7, 2021 through April 13, 2021, she worked fifty (50) hours.

21. During Plaintiff's last week of work, Defendant was expressly aware of the work performed by Plaintiff for its benefit, but nevertheless refused to pay Plaintiff for the work she performed for them.

22. Plaintiff requested several times for Defendant to pay her for the work she performed during this time period, however, Defendant refused to issue payment of her wages to her free and clear.

23. As a result of Defendant's intentional and willful failure to comply with the FLSA,[1] Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

---

[1] On or about April 21, 2021 Plaintiff, through undersigned counsel, sent Defendant written notification of its violations of the law. More specifically, Plaintiff provided Defendant with a pre-suit notice, demanding payment of the unpaid minimum wages alleged herein. On or about April 22, 2021, Defendant's counsel contacted the undersigned and confirmed refusal to tender full payment as demanded within the pre-suit notice. After such failed attempt to

## COUNT I – FLSA MINIMUM WAGE – *29 U.S.C. § 206*
### (Against Defendant)

24. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

25. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

26. Defendant refused to pay Plaintiff at least $7.25 for all hours she worked up to forty (40) during her last week of employment.

27. Plaintiff therefore claims the federal minimum wage for all of the unpaid hours up to forty (40) that she worked during her last week of employment.

28. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal minimum wages as required by the FLSA, as Defendant knew or should have known of the FLSA's minimum wage requirements.

29. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

30. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

31. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, VIVIANNE RODRIGUEZ, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FLORIDA CONCRETE UNLIMITED, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant;

---

resolve the matter without having to initiate litigation, Plaintiff has filed suit before this Honorable Court to recover her full wages.

(b) liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
### (Against Defendant)

32. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

33. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

34. Defendant refused to pay Plaintiff one-and-one-half times her regular hourly rate for all hours she worked over forty (40) during her last week of employment.

35. Plaintiff therefore claims the federal overtime wage rate for all of the unpaid hours over forty (40) that she worked during her last week of employment.

36. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's minimum wage requirements.

37. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

38. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

39. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, VIVIANNE RODRIGUEZ, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, FLORIDA CONCRETE

UNLIMITED, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, VIVIANNE RODRIGUEZ, requests and demands a trial by jury on all appropriate claims.

**Dated this 22nd day of April 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-**
**JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 22, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**